DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**MATTHEW LEBER**
Plaintiff

CA 05 440 T

v.

C.A. NO. ____________

**CHELO'S OF SOUTH COUNTY, INC. & GEORGE CHALKO,**

Defendants

## COMPLAINT

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **MATTHEW LEBER** (hereinafter "Plaintiff" or "LEBER") against **CHELO'S OF SOUTH COUNTY, INC. AND GEORGE CHALKO**, (hereinafter "Defendants" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender, and retaliation in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's executive offices and place of business: Chelo's of South County, Inc. located at 1725 Mendon Road, Cumberland, Rhode Island 02864.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a part-time employee of Defendant Chelo's, at a Rhode Island facility of Defendant, but for the Defendants' unlawful practices.

4. On or about April 7, 2004, Leber filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been subjected to acts of sexual harassment and had been discriminated against on the basis of his gender—RICHR #04ESH272-29/15; EEOC #16JA400167.

5. The RIHRC and the EEOC subsequently issued Notice of Right To Sue. (Attachment A&B.)

6. Plaintiff has filed this action within ninety (90) days of his receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

**THE PARTIES**

7. The Plaintiff, Matthew Leber ("Leber" or "Plaintiff"), an individual, is a resident of the town of North Providence, Rhode Island.

8. Plaintiff Leber is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, Chelo's of South County, Inc. ("Defendant" or "the Employer"), a domestic corporation with an executive office in Cumberland, Rhode Island, owns and operates a restaurant facility located on Route 108, Wakefield, Rhode Island. Defendant George Chalko is an individual and an employee of Defendant Chelo's of South County, Inc., in the position of Supervisor.

10. Defendant Chelo's owns, operates, and maintains a principal place of business at 1725 Mendon Road, Cumberland, RI 02864, and owns and operates a facility at Rout 108, Wakefield, Rhode Island.

11. At all times material to the allegations of this Complaint, the Defendant Chelo's has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendant Chelo's has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendants were and are an "employer" or otherwise come within the provisions of federal and state statutes pertinent to this action, including the RIFEPA, Title VII, the Rhode Island Civil Rights Act, and any other pertinent statutes.

14. Leber is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendants were an employer or were otherwise subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

**FACTS APPLICABLE TO EACH COUNT**

16. Leber is a male.

17. Leber worked for the Defendant Chelo's, under the supervision of Defendant Chalko, in the position of server.

18. At all times, Leber maintained an impeccable performance record, meeting or exceeding the employers' legitimate expectations.

19. Throughout the tenure of his employment, Plaintiff was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature.

20. Such conduct has included grossly inappropriate actions perpetrated by Plaintiff's supervisor, on a repeated and consistent basis.

21. Such misconduct included but was not limited to Plaintiff's supertvisor:

a. spanking Plaintiff's buttocks on a daily basis;

b. subjecting Plaintiff to repeated "tit twists";

c. inappropriately speaking to Plaintiff about intimate details of a sexual nature about Chalko's marital relationship; &

d. making lewd and derogatory sexual comments regarding other employees, in the Plaintiff's presence;

22. The above-referenced misconduct occurred on a continual basis in the workplace.

23. Plaintiff consistently objected to such misconduct and made it clear that he did not welcome or condone such behavior and that he found such conduct offensive.

24. Plaintiff did not participate in the conduct referenced in paragraph 21, above, did not invite it, and was deeply offended by it.

25. Plaintiff communicated his concerns regarding this misconduct directly to his supervisor--Defendant Chalko; Peter Dowhan—Chelo's General Manager; and other managerial personnel.

26. No timely or reasonable corrective action was taken by the Defendants to ensure that Plaintiff was able to work in a safe and lawful environment.

27. Plaintiff was retaliated against in the work environment as a result of his complaints.

28. Plaintiff has been forced to seek psychiatric counseling as a result of the intolerable work conditions perpetrated and/or tolerated by the Defendants.

29. On or about October 23, 2003, in light of the retaliation and mistreatment to which Plaintiff was subjected, which no reasonable person could have been expected to continue to endure, Plaintiff felt that he had no choice but to leave his employment and consider himself constructively terminated.

30. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender. And have retaliated against the Plaintiff.

31. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his gender.

32. The wrongful actions by Defendants that Leber complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

33. Paragraphs 1-32, above, are herein incorporated by reference in their entirety.

34. By its conduct, Defendants have discriminated against Plaintiff on the basis of his sex, in the terms and conditions of his employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with his right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile manner, and forcing him to work in a hostile, demeaning, and sexually-threatening environment based on his sex; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his reputation and professional mobility.

35. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Leber has suffered lost wages, benefits, irreparable harm to his good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

36. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Leber's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Leber to discriminatory terms and conditions of employment because of his gender, and creating and tolerating a hostile work environment;

b.) retaliating against Leber for asserting his rights to be free from discrimination based on gender;

c.) constructively discharging Leber.

37. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against him, or constructively discharged him.

38. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## AND RETALIATION BASED ON GENDER

## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. § 28-5-1 et seq.

39. Paragraphs 1-32 above are herein incorporated by reference in their entirety.

40. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

41. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his gender;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

42. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Leber's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of his gender;

c.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

43. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, forced him to work in a sexually hostile environment, or retaliated against him by constructively terminating him for attempting to assert his right to be free from workplace conduct made unlawful by the RIFEPA.

44. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRICTIVE DISCHARGE**
**AND RETALIATION BASED ON GENDER**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000, ET SEQ.**

45. Paragraphs 1-32 above are herein incorporated by reference in their entirety.

46. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

47. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

g.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his gender;

h.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

48. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Leber's gender. Such practices include, but are not limited to, Defendants':

e.) subject Plaintiff to discriminatory terms and conditions of employment;

f.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of his gender;

g.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on gender; and

h.) constructively terminating Plaintiff.

49. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, forced him to work in a sexually hostile environment, or retaliated against him by constructively terminating him for attempting to assert his right to be free from workplace conduct made unlawful by Title VII.

50. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Matthew Leber
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA [ ] EEOC

CHARGE NUMBER: 04ESH 272-29/15 16JA400167

R I Commission For Human Rights and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Mr. Matthew Leber | | (401) 232-0435 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 67 Julia Drive, North Providence, RI 02911 | | 08/29/198[illegible] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Chelo's Of South County, Inc. | Cat A (15-100) | (401) 783-0008 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1725 Mendon Road, Cumberland, RI 02864 | | 007 |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| George Chalko, Supervisor | | (401) 783-0008 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| Chelo's Of South County, 1725 Mendon Rd.,Cumberland,R I | | 007 |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 09/10/2002 LATEST: 10/23/2003
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

1. I was subjected to discriminatory terms and conditions of employment, including sexual harassment of both a verbal and physical nature, which I neither wanted nor encouraged by my former employer, Chelo's of South County, Inc. and George Chalko, Supervisor. I was employed as a Server until I was left with no alternative but to terminate my employment on or about October 23, 2003.

2. Respondent took no action to correct the hostile and discriminatory environment in which I was forced to work.

3. I believe I have been discriminated against on the basis of my sex (male) in that my employer allowed my supervisor to subject me to sexual harassment without reprimand. Mr. Chalko would continually touch me in an offensive manner despite my many requests for him to cease the offensive remarks and touching. My attempts to resolve the matter with Mr. Chalko's superior were futile. My working conditions were so intolerable that I was forced to leave my position and seek counseling. These actions are in violation of Title VII of the Civil Rights Act of 1964, as amended and applicable state law.

R.I.C.H.R.
APR 07 2004

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
X Matthew Leber

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

Date X 3/31/04 X Matthew Leber
Charging Party *(Signature)*

Gregory Schadone
Notary
Exp 1-7-05

EEOC FORM 5 (Rev. 07/99)

## DISMISSAL AND NOTICE OF RIGHTS

Attachment A

To: **Matthew Leber**
**67 Julia Drive**
**North Providence, RI 02911**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00167** | **Anne R. Giantonio, Intake Supervisor** | **(617) 565-3189** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JUL 22 2005
*(Date Mailed)*

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

cc: **George Chalko**
**CHELO'S OF SOUTH COUNTY,**
**1725 Mendon Road**
**Cumberland, RI 02864**

Attachment B

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 04 ESH 272 EEOC NO. 16JA400167

In the matter of

Matthew Leber
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Chelo's of South County, Inc.
And George Chalko, Supervisor
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

10/18/05 [signature]

Date

Michael D. Évora
Executive Director

********************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
George Chalko
Michael Chittick, Esq.
John C. Dean, Esq. Agent
Glenn Chelo, President

A-72