**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MATTHEW LEBER,** **Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-440T** |
| **CHELO'S OF SOUTH COUNTY, INC. and GEORGE CHALKO** | : | |

**DEFENDANTS' ANSWER**

Now come Defendants, Chelo's of South County, Inc. and George Chalko, and for their answer to the Complaint hereby state as follows:

INTRODUCTORY STATEMENT/NATURE OF ACTION

Defendants admit that Matthew Leber has commenced this action against them. Defendants deny that any of their alleged conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*; the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 *et seq.*; or any other federal, state or common law.

JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint merely states the jurisdictional basis for the Complaint and a responsive pleading is therefore unnecessary.

2. Paragraph 2 of the Complaint merely sets forth the basis for the court's exercise of supplemental jurisdiction and a responsive pleading is therefore unnecessary.

3(a) Admitted that the alleged practices at issue occurred within the State of Rhode Island. To the extent Paragraph 3(a) of the Complaint avers that the alleged unlawful practices actually occurred or are continuing to occur, denied.

3(b) Admitted that all records relevant to the alleged practices at issue are maintained and administered in the Defendants' executive offices and places of business in Rhode Island. To the extent Paragraph 3(b) of the Complaint avers that the alleged unlawful practices occurred or are continuing to occur, denied.

3(c) The allegations contained in Paragraph 3(c) of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. Defendants admit that Plaintiff filed this action within ninety days of his receipt of the federal Right to Sue notification, and has fulfilled all conditions precedent to the institution of this action under federal law. Defendants deny all conditions precedent to Plaintiff's institution of suit under state law have been fulfilled.

THE PARTIES

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. Admitted that Defendant, Chelo's of South County, Inc. is a domestic employer with an executive officer in Cumberland, Rhode Island, and owns and operates a restaurant facility located on Route 108, Wakefield, Rhode Island. Admitted that Defendant George Chalko is an individual and an employee of Defendant Chelo's of South County, Inc. Denied that Defendant George Chalko is employed in the position of supervisor.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

FACTS APPLICABLE TO EACH COUNT

16. The allegations contained in Paragraph 16 of the Complaint are admitted.

17. The allegations contained in Paragraph 17 of the Complaint are admitted.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff communicated his concerns regarding alleged conduct by Defendant Chalko to Michelle McDonald-Bier, a General Manager at the Chelo's restaurant in Wakefield, Rhode Island, and Joanne Bowlby, another manager at the restaurant, in October 2003. To the extent Paragraph 25 of the Complaint avers that Plaintiff made any other complaints or communications to supervisors or managers at Chelo's regarding Defendant Chalko's alleged conduct, denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he was forced to seek psychiatric counseling. Defendants deny that Plaintiff's work conditions were intolerable at any time during his employment with Defendant Chelo's.

29. Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff felt he had to do. All remaining allegations set forth in Paragraph 29 of the Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRUCTIVE DISCHARGE
AND RETALIATION BASED ON GENDER
RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I. GEN. LAWS § 42-112-1 *ET SEQ.*

33. Defendants incorporate their responses to Paragraphs 1-32 of the Complaint herein by reference in their entirety.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 32 of the Complaint are denied.

37. Defendants deny that they ever intended to discriminate against Plaintiff because of his gender, and further deny that they ever did discriminate against Plaintiff because of his gender. Accordingly, Defendants also deny all remaining allegations set forth in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRUCTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I. GEN. LAWS § 28-5-1 *ET SEQ.*

39. Defendants incorporate their responses to Paragraphs 1-32 of the Complaint herein by reference in their entirety.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. Defendants deny that they ever intended to discriminate against Plaintiff because of his gender, and further deny that they ever did discriminate against Plaintiff because of his gender. Accordingly, Defendants also deny all remaining allegations set forth in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

COUNT III
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRUCTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. § 2000 *ET SEQ.*

45. Defendants incorporate their responses to Paragraphs 1-32 of the Complaint herein by reference in their entirety.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. Defendants deny that they ever intended to discriminate against Plaintiff because of his gender, and further deny that they ever did discriminate against Plaintiff because of his gender. Accordingly, Defendants also deny all remaining allegations set forth in Paragraph 49 of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff was never subjected to any form of unlawful discrimination, harassment or retaliation at any time during his employment with Defendant Chelo's.

### Third Affirmative Defense

Pursuant to its anti-harassment policy, Defendant Chelo's (1) conducted a prompt, thorough investigation regarding Plaintiff's allegations of harassment, preserving the confidentiality of the investigation to the extent practicable; (2) made findings and conclusions based on the information gathered during the investigation; (3) took prompt and appropriate action to remedy the inappropriate conduct that it concluded had occurred; (4) took all reasonable and necessary measures to forestall any future retaliatory action against the complainant, Plaintiff Matthew Leber, by suspending, demoting and transferring Defendant Chalko to a different restaurant and warning Mr. Chalko of the consequences of any future verified complaints against him; and (5) specifically warned Mr. Chalko that any future verified

complaints of a similar nature would result in his immediate termination of employment. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

**Fourth Affirmative Defense**

Defendant Chalko's conduct towards Plaintiff was never based on sex or gender.

**Fifth Affirmative Defense**

Plaintiff voluntarily abandoned his employment with Defendant Chelo's after Defendant Chalko had already been demoted and transferred out of the restaurant in which Plaintiff worked.

**Sixth Affirmative Defense**

Plaintiff's alleged damages must be reduced to the extent he has failed to properly mitigate such damages.

**Seventh Affirmative Defense**

Plaintiff lacks standing to sue Defendants pursuant to the Rhode Island Fair Employment Practices Act because at the time Plaintiff requested a Notice of Right to Sue from the Rhode Island Commission for Human Rights (the "Commission"), the Commission had already issued a determination of no probable cause on the Plaintiff's Charge of Discrimination, thereby terminating the Commission's processing of the case; the Notice of Right to Sue issued to Plaintiff by the Commission is therefore void.

**Eighth Affirmative Defense**

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves their right to amend their answer to assert each such defense or defenses.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiff all of the relief he seeks, enter judgment in favor or Defendants, and award Defendants their attorneys' fees and costs for defending this action.

DEFENDANTS, CHELO'S OF SOUTH COUNTY, INC. and GEORGE CHALKO

By Their Attorney,

MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Date: 11/9/05

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was sent via first-class mail to Stephen T. Fanning, Esq., 305 South Main Street, Providence, Rhode Island 02903 on this 9th day of November, 2005.

*360530_1.doc*